UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BILL BUTLER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN AL RAMIREZ and IDAHO DEPARTMENT OF CORRECTION,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00428-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

    The Complaint of Plaintiff William Bill Butler was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 2, 1.) Plaintiff has also filed a Motion to Amend Complaint. (Dkt. 6.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint and Motion, the Court has determined that Plaintiff will be permitted to proceed in part.

## REVIEW OF COMPLAINT

1. **Factual Allegations**

    On or about September 14, 2019, about 11:00 a.m., Plaintiff told Warden Al Ramirez that he had been assaulted and was afraid for his safety. As a vulnerable adult, Plaintiff had been living in the protective custody unit, but was forced to move back into general population. Later in the day on September 14, a known Aryan Knight gang member, Christopher Boyd Harding, assaulted Plaintiff by throwing burning hot oil on

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

him, causing severe burns on 18% of his body. Harding was later charged and convicted of aggravated battery for his attack on Plaintiff.

Plaintiff asserts federal claims against Warden Al Ramirez and the Idaho Department of Correction. He seeks monetary damages and injunctive relief.

## 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In short, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not enough to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge for dismissal for failure to state a claim upon which relief can be granted. *See id*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must provide facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

### 3. Discussion of Federal Claims

#### A. *Defendant Ramirez*

Defendant Ramirez was warden of the facility when Plaintiff was attacked. Because Plaintiff alleges that he gave Warden Ramirez direct notice of having been attacked and being fearful of another attack by other prisoners, Plaintiff has alleged sufficient facts to proceed on an Eighth Amendment deliberate indifference claim against Warden Ramirez for failure to protect him from other prisoners. Plaintiff's claim for monetary damages against Warden Ramirez shall be construed as a personal capacity claim, because an official capacity claim does not lie.

#### B. *Idaho Department of Correction*

In his Motion to Amend Complaint, Plaintiff desires to assert a policy-based claim against the Idaho Department of Correction. (Dkt. 6.) However, the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed against the Idaho Department of Correction on a policy-based claim or any other type of claim, and his motion to amend will be denied.

However, pursuant to the Orders entered in this case, Defendant Warden Ramirez will be required to disclose to Plaintiff whether he acted pursuant to a policy or custom of the Idaho Department of Correction, and, if so, who created the policy or custom. If Warden Ramirez acted in accordance with a policy or custom created by other persons, then Plaintiff may file a motion to amend the complaint to add such a claim against Warden Ramirez in his official capacity or against additional defendants in their official capacities (not the Idaho Department of Correction) within the amendment deadline period.

4. **Conclusion**

Plaintiff may proceed against Defendant Ramirez on an Eighth Amendment failure to protect claim. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

5. **Request for Appointment of Counsel**

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he suffers from personality disorders and has a third grade education. He received assistance from another person to prepare the Complaint. To date, Plaintiff has articulated his claims sufficiently. Almost no prisoners have legal training or access to legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order and any motions for summary judgment contain the elements of the causes of action. Each element needs factual support. Additional factual support can be obtained through the disclosure and discovery procedures.

Defendant has been ordered to voluntarily produce to Plaintiff all relevant information and documents to which they have access. Plaintiff may draft simple interrogatories or requests for production to be mailed directly to Defendant's counsel for a response from Defendant if Plaintiff believes he needs further information from Defendant to meet the elements of his case.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff's Motion to Amend (Dkt. 6) is DENIED without prejudice.

3. Plaintiff may proceed on the Eighth Amendment claim against Defendant Al Ramirez. All claims against the Idaho Department of Correction are DISMISSED.

4. Defendant **Al Ramirez** shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 2), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

    **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

5. Should any entity determine that the individuals for whom counsel for the entity was

served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendant indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from the date of such notice to file a notice of physical service addresses of the Defendant, or claims against them may be dismissed without prejudice without further notice.

7. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the

proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 3, 2020

B. Lynn Winmill
U.S. District Court Judge